THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Ann G. Duncan,
 as Personal Representative of the Estate of Frankie Galloway, deceased, and
 Cleo Galloway, Respondents,
 v.
 Samuel D.
 Little, personally and as Personal Representative of the Estate of Joseph A.
 Galloway, a/k/a Avery Galloway, deceased; Betty Joy L. Iannazzone, personally
 and as Personal Representative of the estate of Joseph A. Galloway,
 deceased;  the Estate of Joseph A. Galloway, a/k/a Avery Galloway, deceased;
 and SunTrust Banks, Inc., formerly Central Carolina Bank, a/k/a CCB,
 Defendants,
 Of whom Samuel D. Little, personally and as Personal
 Representative of the Estate of Joseph A. Galloway, a/k/a Avery Galloway,
 deceased, is Appellant.
 
 
 

Appeal From Pickens County
 Charles B. Simmons, Jr., Special Referee

Memorandum Opinion No. 2009-MO-040
Heard April 7, 2009  Filed July 20, 2009

AFFIRMED

 
 
 
 Dallas Ball, of Pickens and Sally Calhoun, of Beaufort, for
 Appellant.
 Larry
 Brandt, of Walhalla, for Respondents.
 
 
 

PER
 CURIAM:  This is an appeal from a Special Referees finding of a
 constructive trust.  Appellant Samuel D. Little (Little) appeals.  We affirm.
The
 facts, as we borrow heavily from Littles brief, are as follows.  In early June 2003, Frankey Galloway, aging and
 paraplegic, was admitted into a nursing home while being treated for an
 illness.  Frankey, who had stored away his life savings in cash at various
 locations in his home, feared its safety in his absence and asked his brother
 Cleo to collect the money and store it in a safe deposit box.  Cleo went to
 Frankeys house, found the cash in the locations Frankey described, and took it
 home where he counted it in the presence of his wife and daughter.  Cleo
 tallied two hundred fifty-three thousand, eight hundred and forty-three dollars
 ($253,843.00), and reported this sum to Frankey, who confirmed that figure
 matched his expectation of the value of the stored cash.  Cleo placed the cash
 in a safe deposit box at a Wachovia Bank branch in Pickens, South Carolina.  Shortly
 thereafter, the money was removed and placed in two safe deposit boxes at
 Central Carolina Bank (CCB, now known as Sun Trust Bank).  
In August 2004,
 Frankey was released from the nursing home and Cleo and another brother, Avery,
 gave him four keys to the safe deposit boxes.  Cleo and Avery were listed on the
 lease agreement as co-lessees.
On
 November 24, 2004, Avery passed away.  In accordance with Averys will, his
 stepson Little and stepdaughter Betty Joy Innazzone (Joy) were appointed
 personal representatives of his estate.[1] 
 Within a week of Averys passing, Sammy and Joy went to CCB to ask if Avery had
 any accounts at the bank.  On December 4, 2004, the boxes were drilled open in
 the presence of Sammy and Joy.  Sammy and Joy left the bank with the cash from
 both boxes, in the amount of two hundred and twenty nine thousand, seven
 hundred and ninety-six dollars ($229,796.00).
The
 primary issue on appeal is whether the Special Referee erred in finding a
 constructive trust because he failed to exclude certain testimony pursuant to the
 Dead Mans Statute, S.C. Code Ann. § 19-11-20
 (2008).  We have reviewed the
 record on appeal, and find overwhelming evidence to support the Special
 Referees finding that a constructive trust was established for the benefit of
 Frankey Galloway.  We therefore affirm the decision of the Special Referee.  
AFFIRMED.
 WALLER,
 ACTING CHIEF JUSTICE, PLEICONES, BEATTY, KITTREDGE, JJ., and Acting Justice
 James E. Moore, concur.

[1] Joy is now deceased and not a party to the present appeal.